UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KWASI SEITU,

    Petitioner,

        v.                            Civil Action No. 10-0494 (JDB)

FLORENCE PAN, *et al.*,

    Respondents.

## MEMORANDUM OPINION

This matter is before the Court on consideration of Kwasi Seitu's petition for a writ of habeas corpus. It appears that petitioner had been arrested and charged with possession of marijuana, a misdemeanor. *See* Pet. ¶¶ 1-5.[1] He states that he is currently confined at Saint Elizabeth's Hospital pursuant to an order issued by The Hon. Florence Pan, Associate Judge of the Superior Court of the District of Columbia, for the purpose of evaluating his competency to stand criminal charges. *See id.* ¶¶ 16-20, 23-24. According to petitioner, no judge has made a probable cause determination, *see id.* ¶¶ 6-7, 17, and Judge Pan "intends to keep [him] held at least until March 31st, 2010, at which time her plan is to further the detention until [he] concedes to waiving his issues and his rights." *Id.* ¶ 25.

Generally, the proper respondent to a petition for a writ of habeas corpus is the

---

[1] References to the habeas petition ("Pet.") are references to a six-page handwritten attachment to a preprinted form entitled "Petition for Writ of Habeas Corpus by a Person in Custody in the District of Columbia." It appears, however, that there are additional pages of the handwritten attachment which are not available on the Court's electronic docket.

petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (dismissing the United States Parole Commission as a party to a habeas action because the prisoner's custodian is the appropriate respondent); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) ("It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner."). Judge Pan presides over petitioner's ongoing criminal case; she is not petitioner's custodian. Accordingly, Judge Pan will be dismissed as a party to this action.[2]

An Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

DATE: April 12, 2010

---

[2] Insofar as petitioner demands review of Judge Pan's orders, this Court has no such authority. *See, e.g., Colter v. United States*, No. 09-0406, 2009 WL 637113, at *1 (D.D.C. Mar. 10, 2009) (dismissing habeas petition in which the petitioner sought "review of an ongoing criminal proceeding in Superior Court" because the district court "lacks subject matter jurisdiction to review the actions or rulings of other courts"). And it is settled that federal courts generally do not enjoin ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120-22 (D.C. Cir. 2004) (applying the *Younger* rule to District of Columbia enforcement proceedings).