# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KWASI SEITU,

    Petitioner,

        v.

FLORENCE PAN, *et al.*,

    Respondents.

Civil Action No.  10-0494  (JDB)

## MEMORANDUM OPINION

This matter is before the Court on consideration of Kwasi Seitu's petition for a writ of habeas corpus and responses to the Court's order to show cause.

At the time petitioner filed his habeas petition, he was detained at St. Elizabeth's Hospital pending an evaluation of his competence to face a misdemeanor drug charge brought in the Superior Court of the District of Columbia.  United States' Mot. to Dismiss Pet'r's Habeas Corpus Pet. ("U.S. Mot.") at 1-2.  Petitioner was admitted to St. Elizabeth's Hospital on February 25, 2010, and was discharged on April 14, 2010.  Resp't Saint Elizabeth[']s Hospital's Resp. to Order to Show Cause ("St. Elizabeth's Resp."), Jackson Decl. ¶¶ 6-7.  Although the government dismissed the drug charge on April 28, 2010, petitioner still faced charges for two violations of the Bail Reform Act ("BRA") and for contempt of court.  U.S. Mot. at 2.  He was found guilty of the BRA violations and the court imposed a 90-day sentence with credit for time served on one count and probation on the other.  *Id.*; St. Elizabeth's Resp., Ex. 1 (Judgment in a Criminal Case, Case Nos. 2010 CMD 3215 and 2009 CMD 18166).  In addition, the court

imposed a two-day sentence upon his conviction for contempt. U.S. Mot. at 2; St. Elizabeth's Resp., Ex. 3 (Judgment in a Criminal Case, Case No. 2009 CMD 8618). According to the respondent, petitioner was released from custody on April 30, 2010. *See* U.S. Mot., Ex. 1-2 (Case Summary, Docket # 2009CMD008618 and Release Order). According to petitioner, he was released on May 19, 2010. Pet.'s Traverse of Resp. [#17] at 1.

Petitioner already has received the relief he demanded – release from detention, whether from St. Elizabeth's Hospital or from the D.C. Jail. Accordingly, the Court will deny the petition as moot. *See In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (concluding that the appellant's release from prison rendered moot his request for habeas corpus relief); *Hardesty v. Draper*, 687 A.2d 1368, 1371 (D.C. 1997) (dismissing an appeal as moot because the appellant had been released from a psychiatric hospital). Petitioner's challenge to the Superior Court convictions, sentences or fines is not properly brought in this Court – he must instead file a motion in the Superior Court under D.C. Code § 23-110. It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted). Nothing in this record suggests that the local remedy is inadequate or ineffective.

An Order is issued separately.

                                                    /s/
                                  JOHN D. BATES
                                  United States District Judge

DATE: June 1, 2010